IN RE APPLICATION OF BROWN.

[Cite as *In re Application of Brown*, 125 Ohio St.3d 354, 2010-Ohio-1863.]

*Attorneys — Character and fitness — Application to register as a candidate for admission to the bar — Failure to disclose copyright-infringement suit — Application disapproved, with permission to reapply.*

(No. 2009-2118 — Submitted February 17, 2010 — Decided May 5, 2010.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 396.

_____

**Per Curiam.**

{¶ 1} Kevin David Brown of Cuyahoga Falls, Ohio, has applied to register as a candidate for admission to the Ohio bar, although he has not yet filed an application to take the bar examination. Citing the applicant's failure to disclose a copyright-infringement suit that was filed and served upon him as he prepared to submit his application to register as a candidate for admission, the Board of Commissioners on Character and Fitness recommends that we disapprove his character, fitness, and moral qualifications at present. The board further recommends that we permit the applicant to apply for the July 2010 bar exam. We accept the board's recommendation to disapprove the pending application, but will allow the applicant to apply for the February 2011 bar exam, provided that he first submits a new and complete application to register as a candidate for admission to the practice of law.

**Summary of Proceedings**

{¶ 2} The applicant completed his application to register as a candidate for admission to the Ohio bar on October 23, 2007, and the Bar Admissions Office received it on November 15, 2007. On his application, applicant answered

"No" to question 20(A) – "Have you ever had a complaint filed against you in any civil, criminal, or administrative forum, alleging fraud, deceit, misrepresentation, forgery, or legal malpractice?" Although he answered "Yes" to question 20(E) — "Have you ever been summoned for a violation of any other statute, regulation, or ordinance?" — the only civil lawsuit he disclosed was a 2005 municipal court action for default on a lease agreement.

{¶ 3} The applicant amended his application on November 12, 2007, to correct his date of birth and provide "inadvertent[ly]" omitted information regarding his current employer, past employers, and additional information regarding several of his references. On December 28, 2007, applicant appeared before a notary and verified that he had read his application and had "answered all the questions fully and frankly," and that the answers were "complete and true" to the best of his knowledge. He again amended his application on March 5, 2008, to provide additional employment information in response to a request from the National Conference of Bar Examiners.

{¶ 4} Pursuant to Gov.Bar R. I(11)(C)(3) and (D)(1), two members of the Akron Bar Association's admissions committee interviewed the applicant on June 19, 2008, to ascertain whether he possessed the requisite character, fitness, and moral qualifications for admission to the practice of law. When the interviewers asked him whether any answer on his character questionnaire should be changed or supplemented, the applicant indicated that there was one change. Then, for the first time, the applicant revealed that in October 2007, Walt Disney Company had filed a copyright-infringement suit against him regarding certain eBay transactions and that he had settled the claim in April 2008. Based upon the recent copyright suit, the bar association's admissions committee issued a preliminary report approving the applicant's character and fitness with qualifications.

**{¶ 5}** The applicant appealed the qualified approval pursuant to Gov.Bar R. I(12), and a three-member panel of the Board of Commissioners on Character and Fitness conducted a hearing to inquire into his character, fitness, and moral qualifications. See Gov.Bar R. I(12)(C).

### Copyright Infringement and Nondisclosure

**{¶ 6}** At the June 9, 2009 hearing, the applicant testified that Disney had filed a copyright-infringement action against him in the Western District of California in 2007. The suit arose from the applicant's conduct during the summer of 2007 – between his first and second years of law school – when he and a friend bought approximately 300 to 500 unauthorized Disney DVDs from China and sold them on eBay for a profit.

**{¶ 7}** The applicant testified that he never questioned the legality of importing 300 to 500 DVDs from China for $6 to $10, despite that country's reputation for manufacturing bootleg materials. When the chairman of the committee said, "You know, my daddy always told me, you buy a diamond ring for 10 cents, you got exactly that, a 10 cent ring," the applicant responded, "Right. I can't explain why that thought never crossed my mind. Obviously, if I had to do it again, I [would] have said that exact same thing."

**{¶ 8}** The applicant admitted that he had been served with the copyright-infringement suit before he submitted his application. He claimed that with the exception of a few questions for which he needed to gather additional information, he had completed his application when it first became available online, and he did not go back to see whether he needed to disclose the lawsuit after having been served with the complaint. However, he also acknowledged that he did not initially disclose the lawsuit: "[I] kind of wanted to see what transpired," and "[I] figured to wait to see after I settled it so I knew there was a resolution, and then my interview was shortly thereafter and I wanted to bring it

up there."  He also admitted that he did not disclose the existence of the lawsuit on two occasions when he supplemented his application.

{¶ 9}  The applicant did not present testimony from any character witnesses at the hearing, but submitted letters from co-workers and friends vouching for his good character and fitness to practice law.  Bryan L. Penvose, an attorney at the applicant's employer, Koblentz & Koblentz, submitted one such character reference on the firm's letterhead.  However, the applicant acknowledged that he had intentionally avoided disclosing his character and fitness woes to the named partner at the firm, Richard S. Koblentz.

**Disposition**

{¶ 10}  An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law."  Gov.Bar R. I(11)(D)(1).  The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them."  Gov.Bar R. I(11)(D)(3). Necessarily, "[a] record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant."  Id.

{¶ 11}  In determining that the applicant had not proven that he possessed the requisite character, fitness, and moral qualifications, the board considered the factors set forth in Gov.Bar R. I(11)(D)(3)(a) through (o).  The board found that respondent's conduct violated Gov.Bar R. I(11)(D)(3)(f) "by showing a pattern of disregard for the laws of the United States in selling pirated intellectual property; (g) by failing to provide complete and accurate information concerning his past; (h) by making an omission in his application and to his employer; and (i) by committing acts involving dishonesty, deceit, and misrepresentation both in the underlying conduct that led to the lawsuit, but more importantly during the admissions process."

{¶ 12} In establishing the weight and significance of the applicant's conduct, the board noted that both the underlying conduct and respondent's failure to report it were serious and were not youthful indiscretions because they occurred while he was a law student. Gov.Bar R. I(11)(D)(4)(a), (b), and (d). And although the applicant's payment of restitution was some evidence of rehabilitation, the payment was made only in response to the filing of a lawsuit. Gov.Bar R. I(11)(D)(4)(g). Further, the board considered applicant's lack of candor both during the admissions process and with his employer. Gov.Bar R. I(11)(D)(4)(i).

{¶ 13} We also note that Gov.Bar R. I(2)(F) imposes a continuing duty upon applicants to promptly report all changes or additions to information in their application to the Admissions Office. However, the applicant made no such report, choosing instead to rely upon his verbal disclosures to the bar association's admissions committee at his character and fitness interview and to the board panel at his hearing.

{¶ 14} The applicant has admitted that he had been served with a complaint for copyright infringement before he submitted his application to register as a candidate for admission to the Ohio bar and that he failed to disclose the existence of that action in accordance with the duty imposed by Gov.Bar R. I(2)(F). He also admits that he settled that suit, paying a substantial sum in restitution. Given the seriousness and recency of the conduct leading to the copyright-infringement action, which occurred while the applicant was a law student, and the applicant's deliberate decision to delay disclosure of the lawsuit to the Office of Bar Admissions, we agree with the board's determination that the applicant has yet to sustain his burden of proof that he possesses the requisite character, fitness, and moral qualifications for the practice of law.

{¶ 15} Based upon the foregoing, we accept the board's recommendation to disapprove the applicant's pending application. Provided that he submits a new

application to register as a candidate for admission to the practice of law and is able to establish his character, fitness, and other qualifications, the applicant may apply to take the February 2011 bar exam.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Kevin David Brown, pro se.

Tammy S. Richardson, for the Akron Bar Association.

_____